UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT MIPRO and DIANE MIPRO | CIVIL ACTION NO: |
| v. | JUDGE: |
| QBE SPECIALTY INSURANCE COMPANY | MAGISTRATE JUDGE: |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, ROBERT MIPRO AND DIANE MIPRO, in the above entitled action, who file this Complaint against the Defendant(s) named herein, and in support thereof, respectfully represent the following:

1.

Plaintiffs, ROBERT MIPRO AND DIANE MIPRO, are persons of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

2.

Made defendant herein is:

QBE SPECIALTY INSURANCE COMPANY, a foreign insurance company, authorized to do and doing business in the State of Louisiana.

3.

This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship as between the parties, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically, Plaintiff herein is a citizen of the State of Louisiana, whereas Defendant herein is a foreign corporation. Thus, complete diversity of citizenship exists under 28 U.S.C. § 1332.

4.

This Court has personal jurisdiction over Defendant because it does and is authorized to do business in the State of Louisiana, and because it issued a policy of insurance covering the Property that is situated in this State and this federal judicial district.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims which are the subject of this lawsuit occurred within this federal judicial district, and because Plaintiff's Property is the subject of this litigation and is situated entirely within this federal judicial district.

6.

Plaintiffs own property located at 7322-24 Cohen Street, New Orleans, LA 70118 (hereinafter, "Property").

7.

QBE SPECIALTY INSURANCE COMPANY issued a policy of insurance covering Plaintiffs' Property, which was in full force and effect at the time of the loss asserted herein. The policy number is believed to be QSN2616405. All lawful terms of the insurance policy are plead and incorporated by reference.

8.

The policy of insurance provides, in pertinent part, that Defendant provides coverage for property damage, including contents, rendered to Plaintiffs' property that is the result of an accident, whether natural in cause or not, and the policy is required to comply with the provisions of Louisiana law.

9.

On or about August 29, 2021, Plaintiffs' property was damaged directly and/or indirectly due to Hurricane Ida.

10.

As a result thereof, Plaintiffs sustained damages to the property that required reasonable, related and/or necessary repairs and replacements, as well as appropriate cleaning and other remedial measures, along with additional living expenses incurred.

11.

Plaintiffs gave timely notice to Defendant of such loss, and did thereafter deliver to Defendant a full and particular account of Plaintiffs' expenses and losses as a result of the loss.

12.

Defendant assigned claim number 82194ON to identify the loss.

13.

To date, defendant QBE SPECIALTY INSURANCE COMPANY has not fulfilled its obligations pursuant to the insurance policy. Defendant has failed to establish that it had reasonable proof that it was not responsible for the payment of Plaintiffs' damages and/or loss under the terms of the contract of insurance at issue, and has failed to pay the requested amounts for repairs and/or replacement, plus applicable interest, pursuant to the terms of the policy of insurance, in breach of Plaintiffs' contract with Defendant.

14.

All conditions precedent to the filing of this action have been complied with, met, or otherwise waived.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

15.

Paragraph 1-14 of this Complaint and the allegations contained therein are incorporated as though fully copied herein *in extenso*.

16.

The homeowner's property insurance covering Plaintiffs' property is a valid contract for insurance between Plaintiffs and Defendant.

17.

Plaintiffs have sustained loss which is covered by the policy and have made a claim and sought recovery for said loss against Defendant QBE SPECIALTY INSURANCE COMPANY under the provisions contained in the policy.

18.

Despite Plaintiffs' payment of premiums for insurance protection, and despite Defendant's obligations to properly adjust Plaintiffs' insurance claims and pay Plaintiffs for their losses caused by storm damage, Defendant QBE SPECIALTY INSURANCE COMPANY has failed to perform under the policy.

19.

Defendant failed to perform under the policy of insurance by:

a. Not thoroughly investigating the claim;

b. Not paying the claim despite obvious damages;

c. Not tendering the proceeds due under the policy in a timely fashion; and

d. Not acting reasonable under the circumstances.

## SECOND CAUSE OF ACTION: BAD FAITH

20.

Paragraph 1-19 of this Complaint and the allegations contained therein are incorporated as though fully copied herein *in extenso.*

21.

Defendant QBE SPECIALTY INSURANCE COMPANY has denied, in bad faith, coverage for all or part of the Plaintiffs' damages, and has, in bad faith, inexplicably delayed the issuance of payments to Plaintiffs.

22.

Defendant breached the duties of good faith and fair dealing set forth in La. R.S. 22:1892 and 22:1973 by:

a. Breaching its affirmative duty to adjust the claim fairly and promptly;

b. Failing to pay the amount of the claim due the petitioners within thirty (30) days after receiving satisfactory proof of the loss;

c. Breaching its affirmative duty to make a reasonable effort to settle claims with the petitioners;

d. Arbitrarily, capriciously, and without probable cause failing to pay the amount of the claim due within thirty (30) days after receiving satisfactory proof of the loss;

e. Arbitrarily, capriciously, and without probable cause failing to pay the amount of the claim due within sixty (60) days after receiving satisfactory proof of the loss;

f. Misrepresenting the cause of the loss by claiming it was all preexisting (rather than the undisputed storm) or unrelated;

## DAMAGES

23.

As a result of Defendant's action and/or inaction as set forth above, Plaintiffs have sustained substantial losses and other damages to be proven at trial, including penalties and attorney's fees.

24.

Plaintiffs claim the following damages:

a. Costs of repairing the Plaintiffs' home;

b. General damages;

c. Bad faith damages under La. R.S. 22:1892;

d. Bad faith damages under La. R.S. 22:1973;

e. Bad faith damages under Civil Code Article 1997;

f. Nonpecuniary damages under Civil Code Article 1998;

g. Moratory damages under Civil Code Article 2000;

h. Attorney Fees;

i. Court Costs;

j. Expert and consultant fees; and

k. Other damages to be amended, presented in the Pretrial Order, and/or proven at the trial of this matter.

## PRAYER FOR RELIEF

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby request a trial by jury.

WHEREFORE, Plaintiffs pray that the Defendant be served with citation and a copy of this Complaint, to appear and answer this Petition for Damages and that after due proceedings,

that there be judgment herein in favor of Plaintiffs and against Defendant QBE SPECIALTY INSURANCE COMPANY in an amount equal to the sum of all the following and be entered herein as follows:

1. Awarding all sums due to Plaintiffs under the policy on account of the insured losses arising from damage to Plaintiffs' property;

2. Awarding all other consequential damages, both foreseeable and unforeseeable, that relate to Defendants' breach of contract, including the costs and attorney's fees incurred in bringing this action;

3. Awarding all applicable statutory penalties, costs, and fees recoverable under La. R.S. 22:1892 and 22:1973;

4. Awarding all costs of these proceedings;

5. Awarding pre-judgment and post-judgment interest from the date of loss until paid or as allowed by law; and

6. Awarding any such other and further relief which the Court deems necessary and proper at law and in equity and that may be just and reasonable under the circumstances of this matter.

Respectfully Submitted,

The Morgan Law Group

*s/ Brian G. Reaney, II*
BRIAN G. REANEY, II (LA #38382)
MATTHEW J. AVERILL (LA #37020)
1331 Ochsner Blvd., Suite 101
Covington, LA  70433
Telephone:    (504) 399-6595
Facsimile:     (985) 202-6125
breaney@morganlaw.group.net
maverill@morganlawgroup.net
driley@morganlawgroup.net
mlg.eservice@morganlawgroup.net